Maurice W. Heller (MH-7996)
FOSTER GARVEY PC
199 Water Street, Suite 901
New York, New York 10038
(212) 431-8700
maurice.heller@foster.com
Attorneys for Petitioner

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In the Matter of the Application of ROBERT GONYO, individually and derivatively on behalf of HAUNTED MANHATTAN, LLC,

*Petitioner,*

for an Order Pursuant to Article 75 of the CPLR Confirming the Arbitration Award dated August 9, 2015,

-against-

BRENT PEDERSEN and ELIZABETH WORTON-PEDERSEN,

*Respondents*.

Case No.

**NOTICE OF PETITION**

---

**PLEASE TAKE NOTICE** that, upon the annexed Verified Petition dated February 19, 2026 and the Arbitration Award of the American Arbitration Association dated December 19, 2015, Petitioner Robert Gonyo, individually and derivatively on behalf of Haunted Manhattan, LLC, will petition this Court, at the Courthouse, located at 500 Pearl Street, New York, New York, Room ___, on the ___ day of March, 2026, at 9:30 a.m., or as soon thereafter as counsel can be heard, for an order pursuant to the Federal Arbitration Act, 9 U.S.C. § 9 *et seq*. confirming the written arbitration award of the American Arbitration Association, dated December 19, 2015, and directing the Clerk of this Court to enter a Judgment in accordance with such arbitration award as against Brent Pedersen and Elizabeth Worton-Pedersen, (a) declaring that Petitioner has at no point been divested of his membership interest in Haunted Manhattan, LLC and remains a member of Haunted Manhattan, LLC, entitled to exercise his rights under the Operating Agreement and

-1-

applicable law, (b) ordering Respondent Brent Pedersen to take such actions as may be necessary to restore Petitioner as a signatory on any bank accounts maintained by Haunted Manhattan, LLC at M&T Bank; (c) ordering Respondent Brent Pedersen to produce to Petitioner all statements not already produced in the arbitration relating to any bank accounts maintained in the name of Haunted Manhattan, LLC at M&T Bank, Citibank N.A. or any other bank; (d) ordering Respondent Brent Pedersen to pay to Haunted Manhattan, LLC the sum of $31,976.20, with interest at 9 percent from January 19, 2026; (e) ordering Respondent Brent Pedersen to pay to Haunted Manhattan, LLC's checking or operating account at M&T Bank any funds on deposit in an account at Citibank N.A.; (f) declaring that Respondent Brent Pedersen is deemed to have withdrawn as a member of Haunted Manhattan, LLC; (g) ordering Respondent Brent Pedersen to take all such other actions and deliver all such instruments as may be legally necessary to reflect Petitioner's acquisition of Respondent Pedersen's full membership interest in Haunted Manhattan, LLC, including consenting to revisions to Exhibit A of the LLC Agreement; (h) ordering Petitioner Gonyo to pay the sum of $2,382.37 to Respondent Brent Pedersen on each of February 5, 2027, February 5, 2028 and February 5, 2029 as payment for redemption of Respondent Brent Pedersen's interest in Haunted Manhattan, LLC; (i) ordering Respondent Brent Pedersen to pay to Robert Gonyo $66,834,71 with interest at 9 percent from January 19, 2026 on account of attorneys' fees, costs and arbitration administrative fees.

**PLEASE TAKE FURTHER NOTICE** that, in the event you fail to answer the Petition as provided herein, judgment will be entered against you for the relief set forth above.

Dated: New York, New York
February 19, 2026

FOSTER GARVEY PC

By: _____
Maurice W. Heller (MH-7996)
199 Water Street
Suite 901
New York, New York 10038
(212) 431-8700
maurice.heller@foster.com

*Attorneys for Petitioner*

TO:   BRENT PEDERSEN
      1216 Central Avenue, Unit 2
      Union City, NJ 07807

      ELIZABETH WORTON-PEDERSEN
      1216 Central Avenue, Unit 2
      Union City, NJ 07807

-3-

Maurice W. Heller (MH-7996)
FOSTER GARVEY PC
199 Water Street, Suite 901
New York, New York 10038
(212) 431-8700
maurice.heller@foster.com
Attorneys for Petitioner

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Application of ROBERT GONYO, individually and derivatively on behalf of HAUNTED MANHATTAN, LLC,<br><br>                                   *Petitioner*,<br><br>for an Order Pursuant to Article 75 of the CPLR Confirming the Arbitration Award dated August 9, 2015,<br><br>                         -against-<br><br>BRENT PEDERSEN and ELIZABETH WORTON-PEDERSEN,<br><br>                                   *Respondents*. | Case No.<br><br>***VERIFIED PETITION TO CONFIRM ARBITRATION AWARD*** |

Petitioner Robert Gonyo, individually and derivatively on behalf of Haunted Manhattan, LLC, by his attorneys Foster Garvey PC, for his Verified Petition against Respondents Brent Pedersen and Elizabeth Worton-Pedersen, to confirm an award of the American Arbitration Association dated December 19, 2025, pursuant to the Federal Arbitration Act, 9 U.S.C. § 9, alleges as follows:

### The Parties

1. Petitioner Robert Gonyo is an individual residing at 3334 87th Street, Jackson Heights, NY 11372.

2. Respondent Brent Pedersen is an individual residing at 1216 Central Avenue, Unit 2, Union City, NJ 07807.

3. Respondent Elizabeth Worton-Pedersen is an individual residing at 1216 Central Avenue, Unit 2, Union City, NJ 07807.

### *Jurisdiction and Venue*

4. This court has subject matter jurisdiction over this petition under 28 U.S.C. § 1332(a)(1) because Petitioner Gonyo, on the one hand, and Respondents Brent Pedersen and Elizabeth Worton-Pedersen, on the other hand, are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

5. Additionally, this Court has subject matter jurisdiction and personal jurisdiction over both Respondents pursuant to 9 U.S.C. § 9, because the Award giving rise to this Petition was issued in New York, New York, less than one year before this Petition is being filed, and notice of this Petition is being served upon the Respondents concurrent with this filing.

6. Venue is proper under 28 U.S.C. § 1391(b)(2) and 9 U.S.C. § 9 because the Award giving rise to this Petition was issued in New York, New York.

### **STATEMENT OF FACTS**

7. This matter arose out of a breakdown in the business relationship between the members of Haunted Manhattan, LLC, a New York-based walking tour company (the "Company"). A copy of the Company's Amended and Restated Operating Agreement dated on or about effective as of October 11, 2018 (the "Operating Agreement") is annexed as <u>Exhibit A</u>.

8. Between 2019 and 2025, Respondent Brent Pedersen charged certain expenses to Company accounts that Petitioner believed were illegitimate and not related to any business purpose of the Company and constituted breaches of the relevant provisions of the Operating

Agreement. Despite repeated requests by Petitioner over many months, Respondent Brent Pedersen failed to provide documentation substantiating the business purpose of those transactions or provide required financial disclosure under the Operating Agreement.

9. Section 16.12 of the Operating Agreement, the arbitration provision, provides as follows:

> **Dispute Resolution.**
>
> (a) Any controversy or claim arising out of or relating to this Agreement (other than one in which preliminary or interim injunctive relief is sought) will be resolved by binding arbitration administered by American Arbitration Association ("AAA"), in accordance with the Commercial Arbitration Rules of AAA, except as otherwise provided herein. Any arbitration hereunder will be held in New York, New York and judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereover. THE PARTIES HEREBY ACKNOWLEDGE, UNDERSTAND, AND AGREE THAT, BY AGREEING TO SUBMIT SUCH DISPUTES AND/OR CLAIMS TO ARBITRATION, EACH PARTY WAIVES THE RIGHT TO HAVE THE DISPUTE(S) OR CLAIM(S) HEARD IN A COURT OF LAW BY A JUDGE OR JURY. However, nothing herein will in any way limit any party's statutory rights and/or remedies, all of which are reserved and may be alleged in the arbitration process. One arbitrator will be mutually selected by the parties from a list of arbitrators provided by AAA. If the parties are unable to agree upon an arbitrator within twenty (20) days of the date the demand for arbitration is filed, AAA will select the arbitrator.
>
> (b) Consistent with the expedited nature of arbitration, each party will, upon the written request of the other party(ies), promptly provide the other(s) with copies of documents relevant to the issues raised by any claim or counterclaim. Each party will have the right to serve subpoenas upon third parties for the production of documents. Each party will have the right to serve interrogatories. Each party will have the right to take depositions of parties and non-parties. Any dispute regarding discovery, or the relevance or scope thereof, will be determined by the arbitrator. At the conclusion of the arbitration, such arbitrator will render a "reasoned" written decision, including the arbitrator's findings and the facts and law upon which the award is based.

    (c) Each party will bear his, her or its own costs and expense of such arbitration except as set forth in Section 14.2 (Indemnification). All forum fees and expenses, including AAA's fees, will be advanced equally by the parties and will not be assessed against any party as part of an award, except as set forth in Section 14.2 (Indemnification), provided, however, that the failure of a party to timely advance his, her or its portion of any arbitration fees will entitle the other party(ies) to a default award (if non-paying party is the respondent) or dismissal with prejudice (if non-paying party is the claimant). Notwithstanding anything to the contrary contained in this Agreement, under no circumstances will an award of any party's attorneys' fees (to the extent such award is provided for under Section 14.2 (Indemnification)) exceed the amount actually billed by the attorneys representing the prevailing party, calculated on an hourly rate basis using such attorneys' ordinary and customary hourly rates charged to other clients (the "Standard Fee"), and to the extent that any party is entitled by statute or regulation to a fee greater than the Standard Fee, each party expressly waives his, her or its right to such greater fee.

  10. On or about April 23, 2025, Petitioner commenced arbitration before the American Arbitration Association (the "AAA"), entitled *Robert Gonyo, individually and derivatively on behalf of Haunted Manhattan, LLC v. Brent Pedersen and Elizabeth Worton-Pedersen,* AAA Case Number: 01-25-0001-9820. Petitioner claimed, among other things, that Respondent Brent Pedersen's conduct constituted multiple breaches of the Operating Agreement and sought, among other things, (a) a declaration that he remains a member of the Company and is entitled to exercise his rights under the Operating Agreement and the applicable law, (b) an award of for Respondent Brent Pedersen's breaches of the Operating Agreement and related misconduct, (c) enforcement of Petitioner's buyout rights under the Operating Agreement, which were triggered by Respondent Brent Pederson's breaches, (d) an award of Petitioner's attorneys' fees and arbitration-related expenses.

  11. The parties, by agreement, submitted witness statements prior to the hearing. The hearing took place on September 4 and 17, 2025 by Zoom conference before the AAA arbitrator

Frederick R. Fucci (the "Arbitrator").  As per the Arbitrator's directions, Petitioner submitted a written closing statement on November 18, 2025 and Respondents submitted theirs on December 5, 2025.

12. On December 19, 2025, the Arbitrator issued a Final Award (the "Award") (a) declaring that Petitioner has at no point been divested of his membership interest in Haunted Manhattan, LLC and remains a member of Haunted Manhattan, LLC, entitled to exercise his rights under the Operating Agreement and applicable law, (b) ordering Respondent Brent Pedersen to take such actions as may be necessary to restore Petitioner as a signatory on any bank accounts maintained by Haunted Manhattan, LLC at M&T Bank; (c) ordering Respondent Brent Pedersen to produce to Petitioner all statements not already produced in the arbitration relating to any bank accounts maintained in the name of Haunted Manhattan, LLC at M&T Bank, Citibank N.A. or any other bank; (d) ordering Respondent Brent Pedersen to pay to Haunted Manhattan, LLC the sum of $31,976.20, with interest at 9 percent from January 19, 2026; (e) ordering Respondent Brent Pedersen to pay into Haunted Manhattan, LLC's checking or operating account at M&T Bank any funds on deposit in an account at Citibank N.A.; (f) declaring that Respondent Brent Pedersen is deemed to have withdrawn as a member of Haunted Manhattan, LLC; (g) ordering Respondent Brent Pedersen to take all such other actions and deliver all such instruments as may be legally necessary to reflect Petitioner's acquisition of Respondent Pedersen's full membership interest in Haunted Manhattan, LLC, including consenting to revisions to Exhibit A of the LLC Agreement; (h) ordering Petitioner Gonyo to pay the sum of $2,382.37 to Respondent Brent Pedersen on each of February 5, 2027, February 5, 2028 and February 5, 2029 as payment for redemption of Respondent Brent Pedersen's interest in Haunted Manhattan, LLC; (i) ordering Respondent Brent Pedersen to pay to Robert Gonyo

$66,834,71 with interest at 9 percent from January 19, 2026 on account of attorneys' fees, costs and arbitration administrative fees.  A copy of the Award is annexed hereto as <u>Exhibit B</u>.

13. On or about December 19, 2025, the Award was delivered by email to the parties. A copy of the cover letter from the AAA to the parties is annexed hereto as <u>Exhibit C</u>.

14. On January 6, 2026, by email and first class mail, Petitioner's counsel delivered a copy of the Award to Respondents' counsel.  A copy of the cover letter to Respondents' counsel is annexed as <u>Exhibit D</u>.

15. Notwithstanding the entry of the Award pursuant to the parties' binding arbitration agreement, Respondent Brent Pedersen has not paid any amounts due under the Award and has not complied with any of the other provisions thereof.

16. Pursuant to Section 16.12 of the Operating Agreement, "judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereover."  As set forth above, this Court has jurisdiction over this matter in its entirety.

17. The Award has not been modified and no motion to modify the Award pursuant to AAA Rule R-52 has been made.

18. The Award has not been vacated under 9 U.S.C. § 10 or modified or corrected under 9 U.S.C. § 11 and no motion or petition has been brought to vacate, modify or correct the Award

19. Pursuant to 9 U.S.C. § 9, Petitioner brings this action within one year of the issuance of the Award.

20. Respondents' refusal to comply with the Award is already causing and will continue to cause Petitioner serious, irreparable, and ongoing harm.  Petitioner has not been able to run the business of the Company since critical vendors such as the providers of the Company's

web services, telephone and ticketing services have not cooperated with Petitioner's requests that they no longer deal with Respondent Brent Pedersen and deal with Petitioner instead. Continued delay will leave Petitioner unable to maintain the business of the Company and could prove fatal to the Company's business.

## *NO PRIOR PETITION*

21. No prior application has been made for the relief sought herein to any Court, Judge or Justice thereof.

## *CLAIM FOR RELIEF*
### (Confirmation of Arbitration Award)

22. The Federal Arbitration Act authorizes a party to an arbitration agreement to apply for an order confirming the arbitration award "any time within one year after the award." 9 U.S.C. § 9. "[T]he court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." *Id*. (emphasis added).

23. Respondents have not sought to vacate, modify, or challenge the Award. In addition, the limited statutory grounds for vacatur of the Award under Federal Arbitration Act Sections 10 and 11 are not present here.

24. The Arbitrator's Award contains a thorough, reasoned, and accurate discussion of the facts and law. Petitioner is entitled to prompt confirmation of the Award, along with entry of judgement in conformity with the Award.

25. Timely confirmation is crucial under the circumstances here. Both Petitioner individually and the Company are incurring monetary damages due to Respondents' continued lack of compliance.

FG: 110090050.1

WHEREFORE, Petitioner respectfully requests that this Court:

a. Issue an Order pursuant to 9 U.S.C. § 9 confirming the Award, attached as Exhibit B hereto, signed/issued by the Arbitrator and served on the parties on December 19, 2025;

b. Enter Judgment in favor of Petitioner against Respondents;

c. Grant an award of reasonable costs and attorneys' fees incurred by Petitioner in connection with confirming the Award;

d. Grant the requested relief expeditiously so as to avoid further damage and irreparable harm to Petitioner due to Respondents' breaches of the Operating Agreement and refusals to promptly comply with the Award; and

e. Grant such other and further relief as the Court deems just and proper.

Dated: New York, New York  
       February 19, 2026

FOSTER GARVEY PC

By: _____  
Maurice W. Heller (MH-7996)  
199 Water Street, Suite 901  
New York, New York 10038  
(212) 431-8700  
maurice.heller@foster.com

*Attorneys for Petitioner*

-8-

FG: 110090050.1

**VERIFICATION**

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | ss.: |
| COUNTY OF NEW YORK | ) |

Robert Gonyo, being duly sworn, deposes and says:

I am the Petitioner herein. I have read the foregoing complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my information and grounds of my belief as to all matters in the foregoing Complaint are my personal knowledge, as well as documents and information maintained by Haunted Manhattan, LLC.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Dated: Jackson Heights, New York
       February 19, 2026

                                                          Robert Gonyo

-9-

FG: 110090050.1